JOHN COPELAND, Appellee, v. SULLIVAN SAVINGS INSTITUTION, Appellant.

UNCONDITIONAL CONVEYANCE INTENDED AS MORTGAGE: EVIDENCE.

*Appeal from Fremont District Court.*—HON. H. E. DEEMER, Judge.

THURSDAY, JANUARY 25, 1894.

THIS is an action at law to recover damages of the defendant for the value of the landlord's share of certain crops which the plaintiff claims the defendant wrongfully removed from a farm of eighty acres, of which farm the plaintiff claims to be the owner. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*J. M. Hammond* and *William Eaton* for appellant.

*A. R. Brewer* and *James McCabe* for appellee.

ROTHROCK, J.—I. It appears from the record in this appeal that the plaintiff was for many years the owner of the farm upon which the grain was raised which is the subject of this action. Some years prior to 1879 he executed a mortgage upon the farm to the defendant to secure the payment of a loan of money. On the twentieth day of July, 1879, he executed a conveyance of the land to A. R. Brewer, one of his counsel in this case. This conveyance was in proper form, and by its terms it transferred to Brewer all of the plaintiff's claim and interest in the land. An action was commenced to foreclose the mortgage. The plaintiff herein and Brewer were both made defendants, and, although some of the pleadings in that action have been lost, there is sufficient evidence to show that the plaintiff herein sought, by an answer, to reduce the amount secured by the mortgage by a claim of usury. The case was prepared for hearing, and, at about the time of trial, counsel for the plaintiff therein dismissed the action as to Copeland, the mortgagor, and took a decree of foreclosure against said Brewer and the land. A special execution was issued, and the land sold to the defendant herein, and on the fifth day of January, 1887, a sheriff's deed was made to the defendant. The defendant's son was, and had been, in possession of the land. No actual change of possession took place after the execution and delivery of the sheriff's deed, but the plaintiff's son entered into a written lease of the land with the defendant herein for the years 1887 and 1888. He delivered to the defendant the share of the crop for the year 1887, and it is for the grain thus delivered that this action was brought. The petition in the case was filed December, 1888, and the claim is made therein that the deed to Brewer was not intended as an absolute conveyance, but was executed and delivered merely as security for money due, and to become

due, to Brewer for his services as attorney for said Copeland, and that the defendant, the Sullivan Savings Institution, had notice before it took its decree against Brewer and the land, that the said deed was in fact a mortgage, and not a conveyance. The defendant took issue upon these averments of the petition, and the trial in the district court was mainly upon the testimony of witnesses as to the character of the deed, and as to whether the defendant had notice that the instrument was a mortgage, and not a conveyance. The court instructed the jury to the effect that, if it was a mortgage, the plaintiff was entitled to recover the value of the landlord's share of the grain. The plaintiff relied mainly upon the testimony of Brewer, not only as to the character of the deed, but to prove that the defendant had notice that it was intended by the parties thereto merely as security for the payment of money. The suit for foreclosure of the mortgage was conducted for the plaintiff therein by the law firm of Stow & Hammond. After the decree of foreclosure was entered, and before this suit was tried, Stow died. On the face of the record in the foreclosure suit, Copeland had no right in the land. He had conveyed it to Brewer, and Brewer was made a party because the record of deeds showed that he was the owner. It is said that the suit was dismissed as to Copeland because of the defense of usury which he interposed. So far as appears in the record of that case, Copeland was not a necessary party to a foreclosure, and the subjection of the land to the payment of his debts.

The plaintiff in this action was required, in order to recover, to show a most unreasonable and unlikely state of facts. It was claimed that the notice of the character of the instrument was given verbally by Brewer to Stow. If this is true, Stow & Hammond, with full knowledge that Copeland was the owner of the land, and Brewer a mere mortgagee, dismissed the case as to Copeland, and took a decree against Brewer alone. Of course, such a state of facts might be true, and there might be such a case made as would justify such a finding. J. M. Hammond, of the firm of Stow & Hammond, a witness for the defendant herein, testified positively that Brewer filed an answer in the foreclosure suit, in which he pleaded that he was the owner of the land by his conveyance from Copeland. Brewer testified as positively that he did not file an original answer. It is conceded that Brewer did file an answer at the time of the trial. That answer, or a copy of it, was introduced in evidence, and is in these words:

"*First.* Comes now A. R. Brewer, one of the defendants herein, and, for amendment to his answer hereinbefore filed, alleges that at the time John Copeland sold and deeded the land described in plaintiff's petition to A. R. Brewer, that it was expressly agreed by and between them (said defendant Copeland and this defendant) that in case the plaintiff should bring suit against said Copeland, or against Copeland and this defendant, or against the defendant A. R. Brewer or his grantee, to foreclose the mortgage mentioned in plaintiff's petition, then, in that case, said A. R. Brewer or his grantees should have the right and consent 'of said defendant Copeland to interpose against said note and mortgage, the plea of

usury against plaintiff or his assignees; that it was part of the consideration of the purchase of said land by defendant Brewer of Copeland that said A. R. Brewer should have the right and consent of said Copeland to interpose the plea of usury against said note and mortgage. Wherefore this defendant asks that he be allowed to plead usury against said note and mortgage, and that he have the relief prayed for in the answer of defendants, hereinbefore filed.                                    A. R. BREWER.

"I, A. R. Brewer, being sworn, say that I have read the foregoing answer, and the same is true, as I verily believe.      A. R. BREWER."

This paper not only purports to be an amendment, but it expressly states that there was an answer "hereinbefore filed." Not only that, but all through this answer the claim is made that the conveyance to Brewer was a purchase of the land. When Brewer was confronted with this amendment to his answer, he was called as a witness in rebuttal, and his testimony in chief, as to the amendment, was as follows:

*Question.* Now, a purported copy of a plea filed by you on the twenty-ninth day of May, 1885, was introduced here yesterday. You may state to the jury how you came to make that plea, and what you meant to be understood by the language you used in it. (Objected to as incompetent, immaterial, and not rebutting. Objection overruled. Defendant excepts.) *Answer.* I made the plea in the interest of John Copeland. We intended to assert that he had, in making the conveyance, conveyed the right to plead for him the plea of usury. I understood it that way, that he could convey his right, his personal right, to plead usury, his personal right to make such plea. (Defendant asks to have the evidence taken out, for the pleading, of itself, sets up he had the right. Overruled, and defendant excepts.) *Question.* Now, you may explain to the jury what you thought, at the time, the law was as to the consideration given in the transaction out of which the deed or mortgage arose, for the interposition of the plea by the grantee of usury. (Objected to as incompetent, immaterial, not rebutted, and because it is a matter upon which the pleadings are not ambiguous, and also a conclusion given the intent of the witness. Objection overruled, and defendant excepts.) *Answer.* I understood, at that time, the grantee, with the consent of the grantor, could interpose the plea of usury for the grantee or for himself, by reason of the consent of the grantor or grantors. *Question.* Now, what was your idea about the consideration that moved a mortgage constituting a consideration for the grant of the right to interpose the defense of usury? (Same objection. Overruled, and defendant excepts.) *Answer.* I believed the grantee had the right, by reason of taking another second mortgage, to interpose the plea of usury to the first mortgage. *Question.* You may state why you use the language in the plea that that part of the consideration of the deed that had been executed to you was the right to interpose the defense of usury. (Same objection. Same ruling, and same exception.) *Answer.* At the time he made the conveyance he directed me to make the plea of usury. I said that because he had requested me to make that plea."

The objections to all this line of examination ought to have been sustained. It was not competent for the witness to state what he intended

by the amendment to the answer. Its language was plain and unambiguous, and by it the record in the foreclosure case showed that Brewer claimed the land as a purchaser, and, so far as appears, Copeland took no issue with him. The plaintiff in that action could not be prejudiced by Brewer's understanding of what the law was, even [though he should maintain that understanding with his solemn oath.

II. It is claimed by the appellant that the verdict is not supported by the evidence. We think this claim is well founded. It is to be rembered that the plaintiff seeks by this action, which is an indirect and collateral proceeding, to impeach by parol evidence a title to land which, upon the record made in the foreclosure suit, is in all respects valid. Without setting out and discussing all the evidence, we have to say that an examination of the whole record satisfies us the verdict ought not to stand.

III. The appellee submitted a motion with the case to dismiss the appeal. It is based upon the ground that no record exists from which an appeal can be taken, and that the appeal has been abandoned by the institution of another action by the appellant. The motion will be overruled because the grounds thereof are not supported by any facts. The judgment of the district court is REVERSED.